NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NEW JERSEY REGIONAL COUNCIL OF
CARPENTERS; BROOKSIDE
CONSTRUCION CORPORATION OF
SEWELL, NEW JERSEY;
*individually and on behalf of a class*,

               Plaintiffs,

v.

D.R. HORTON, INC.;
TOSA CONSTRUCTION, INC./N. PAONE
CONSTRUCTION, INC.,

               Defendants.

Civil Action No. 08-1731 (KSH)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

**I. Introduction**

This opinion revisits the issue of the Court's personal jurisdiction over D.R. Horton, Inc. ("Horton"), this time to determine whether the Court's order denying Horton's motion to dismiss for lack of personal jurisdiction [D.E. 83] should be amended to certify the issue for interlocutory appeal.

This case began in state court on March 19, 2008, when plaintiffs New Jersey Region Council of Carpenters ("NJRCC") and Brookside Construction Company, Inc. ("Brookside") filed a complaint alleging that defendants Horton, D.R. Horton-New Jersey ("Horton-N.J."), and Tosa Construction, Inc., had violated the federal and New Jersey RICO statutes and the New Jersey Construction Industry Independent Contractor Act. (Am. Compl.) [D.E. 57]. Plaintiffs claim that defendants participated in a scheme to knowingly hire undocumented workers for the

purpose of depressing wages, decreasing costs, and avoiding the payment of employee benefits and payroll taxes. (*Id.*)

Defendants removed the case to this Court, and Horton moved to dismiss for lack of personal jurisdiction. [D.E. 20.] Magistrate Judge Michael Shipp issued a Report and Recommendation ("R&R") [D.E. 37] recommending that the Court deny the motion, and Horton subsequently filed objections to the R&R [D.E. 38]. The Court filed an order denying the motion to dismiss, stating its reasoning in an accompanying opinion. [D.E. 82, 83.] Horton then filed the current motion seeking to amend the order to certify the Court's personal jurisdiction determination for immediate appeal to the Third Circuit. [D.E. 85.]

## II. Analysis

Typically, "an order finding personal jurisdiction is interlocutory and non-appealable." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 149 (3d Cir. 2001). However, under 28 U.S.C. § 1292(b), a district court has the discretion, *see Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976), to certify an interlocutory order for appeal where a movant points to: "(1) a controlling question of law, (2) about which there is substantial ground for difference of opinion, the immediate resolution of which by the appeals court will (3) materially advance the ultimate termination of the litigation." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996). District courts should use § 1292(b) sparingly. *Milbert v. Bison Laboratories, Inc.*, 260 F.2d 431, 433 (3d Cir. 1958). "It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Id.* A court should not grant a motion for certification "'merely because a party disagrees with the ruling of the

2

district judge.'" *Kapossy*, 942 F. Supp. at 1001 (quoting *Max Daetwyler Corp. v. Meyer*, 575 F.Supp. 280, 282 (E.D. Pa. 1983)).

### A. Controlling Question of Law

A question of law is controlling where its incorrect disposition would constitute reversible error on appeal. *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974). A question of law may also be controlling where it is "'serious to the conduct of the litigation either practically or legally.'" *Fiscus v. Combus Fin. AG*, 2006 WL 2845736, at *2 (D.N.J. Sept. 28, 2006) (quoting *Pub. Interest Research Grp. of N.J., Inc. v. Hercules, Inc.*, 830 F. Supp. 1549, 1554 (D.N.J. 1993)). The order to be certified need not be "determinative of any plaintiff's claim on the merits . . . [n]or need a reversal of the order terminate the litigation." *Katz*, 496 F.2d at 755. However, "although a question appears to be a controlling question of law, questions about a district court's application of facts of the case to established legal standards are not controlling questions of law for purposes of Section 1292(b)." *Fiscus*, 2006 WL 2845736, at *2 (citing *Kapossy*, 942 F. Supp. at 1001).

Horton argues that "the Court's decision to pierce the corporate veil and determination of personal jurisdiction involves controlling issues of law." (Moving Br. at 5.) Its position is that if the Court erred in finding Horton subject to the Court's jurisdiction, the denial of Horton's motion to dismiss would have to be reversed. (*Id.*) Horton also asserts that if forced to litigate in New Jersey, it will have to expend significant time and money, which could be saved if it successfully appeals the Court's order. (*Id.* at 5–6.)

As an initial matter, the Court is not convinced that Horton's purported savings are sufficient to warrant certifying an interlocutory appeal. If Horton were dismissed, the litigation would continue in this District with Horton-N.J. and with Tosa Construction, and the plaintiffs

3

would pursue litigation against Horton in Texas. Furthermore, rather than directing the Court's attention to a controlling issue of *law*, Horton merely cites a number of cases where courts—on facts Horton deems similar to those at bar—reached a conclusion different from this Court's. (Moving Br. at 8–11.) Horton tellingly states that "[t]he facts in the record here did not establish extensive and persuasive contacts by D.R. Horton, Inc. with New Jersey." (Moving Br. at 10.) This statement demonstrates that in reality, Horton harbors "questions about [the] district court's application of facts of the case to established legal standards," which "are not controlling questions of law for purposes of Section 1292(b)." *Fiscus*, 2006 WL 2845736, at *2 (citing *Kapossy*, 942 F. Supp. at 1001).

### B. Substantial Ground for Difference of Opinion

A substantial ground for difference of opinion "must arise out of genuine doubt as to the correct legal standard." *Kapossy*, 942 F. Supp. at 1001. A movant must point to an "absence of controlling law on a particular issue" or "conflicting and contradictory opinions." *N.J. Dep't of Treasury, Div. of Inv. v. Fuld*, 2009 WL 2905432, 2 (D.N.J. Sept. 8, 2009) (citing *Knipe v. Smithkline Beecham*, 583 F. Supp. 2d 553, 600 (E.D. Pa. 2008)). Again, "mere disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of § 1292(b)." *Kapossy*, 942 F. Supp. at 1001.

Horton first argues that "substantial grounds for a difference of opinion exist because the Court's decision to pierce the corporate veil conflicts with existing Third Circuit and New Jersey precedent." (Moving Br. at 6.) To support this argument, Horton claims that to pierce the corporate veil, "the Court had to find that the subsidiary company is the 'alter ego' of D.R. Horton, Inc." (*Id.* at 7.) Horton goes on to state that to make such a finding, the Court was required to find that the parent company used the subsidiary to perpetrate a fraud or injustice, but

4

failed to do so. (*Id.*)  The Court's failure, Horton claims, contradicts Third Circuit precedent and constitutes substantial ground for difference of opinion. (*Id.* at 8.)

This argument is unavailing because the Court did not find that Horton-N.J. is the alter ego of Horton.  Rather, the Court recognized that in the parent-subsidiary context, a court may use one of three separate tests to pierce the corporate veil and find a party subject to personal jurisdiction: "(1) the 'single entity' test, (2) the agency theory, or (3) the alter ego doctrine." *N.J. Reg'l Council of Carpenters v. Horton*, 2010 WL 2674474, at *2 (D.N.J. June 30, 2010).  The Court then stated that the "single entity" theory—which is recognized in the Third Circuit, *Genesis Bio-Pharm., Inc. v. Chiron Corp.*, 27 F. App'x 94, 98 (3d Cir. 2002)—is most applicable to facts of this case. *Id.* at *3.  After analyzing whether the Court could exercise general and/or specific jurisdiction over Horton—and finding that it could, *see infra*—the Court applied the "single entity" test to the facts at hand and found, based on a multitude of factors, that Horton and Horton-N.J. "'are, in reality, operating as a corporate combine.'" *Id.* at *7–8 (quoting *Greenway Ctr. Inc. v. Essex Ins. Co.*, 2008 WL 3165874, at *6 (M.D Pa. Aug. 6, 2008), *vacated on other grounds*, 369 F. App'x 348 (3d Cir. 2010)).

Though the Court thoroughly analyzed the "single entity" test, Horton ignores it in its current motion.  Horton does not assert that the Court was wrong to apply the "single entity" test, but instead, it erroneously states that the Court applied the alter ego theory and did so incorrectly.  (Moving Br. at 7–9.)  Horton does not point to any case that contradicts the Court's statement of the law, nor does it suggest that there is an absence of applicable case law.

Horton also contends that the Court's findings of both general and specific jurisdiction "conflict[] with settled precedent" because other courts have found, based on facts Horton claims

5

are similar to those in this case, that either general or specific jurisdiction—or both—did not exist. (*Id.* at 9.) In its opinion, the Court stated that

> [a] federal court may assert jurisdiction under one of two theories: specific jurisdiction or general jurisdiction. *Watiti v. Walden Univ.*, 2008 U.S. Dist. LEXIS 43217, at \*5–6 (D.N.J. 2007) (Pisano, J.) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 & n. 8, 9 (1984)). A plaintiff may prove general jurisdiction by establishing that there are sufficient contacts for a court to assert "personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum." *Helicopteros*, 466 U.S. at 414 n. 9. A court obtains general jurisdiction over the defendant when the defendant "has maintained continuous and substantial forum affiliations." *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 588 (3d Cir. 1982) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

*N.J. Reg'l Council of Carpenters*, 2010 WL 2674474, at \*2. The Court then added that even absent general jurisdiction, a court may have specific jurisdiction over a defendant where (1) the defendant "purposefully directed sufficient 'minimum contacts' with the forum"; (2) the claim arose out of the defendant's contacts with the state; and (3) the assertion of personal jurisdiction does not "offend . . . traditional notions of fair play and substantial justice." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 297 (1980); *Int'l Shoe*, 326 U.S. at 317; *Dollar Sav. Bank v. First Sec. Bank, N.A.*, 746 F.2d 208, 211 (3d Cir. 1984)). The Court went on to find that Horton does have continuous and systematic contacts with the state of New Jersey and that the three-pronged test for specific jurisdiction was also satisfied. *Id.* at \*3–6.

In support of its contention regarding the Court's general jurisdiction analysis, Horton cites *Helicopteros*, in which the Supreme Court stated the legal standard for finding both general and personal jurisdiction and then concluded that the Texas state courts did not have general jurisdiction over the defendant. 466 U.S. at 414–16. In addition, Horton points to *Reliance Steel*, which stated that the facts establishing a defendant's contacts with the forum state must be

6

"extensive and persuasive." 675 F.2d at 589.  Horton also cites *Provident Nat'l Bank v. Calif. Fed. Sav. & Loan Ass'n* for the proposition that general jurisdiction "requires a plaintiff 'to show significantly more than mere minimum contacts' with the forum state," (Moving Br. at 10 (citing 819 F.2d 434, 437 (3d Cir. 1987)), and it cites *Compagnie de Bauxites de Guinea v. Ins. Corp. of N. Am.*, for the proposition that general jurisdiction requires "a very high threshold of business activity." (*Id.* (citing 651 F.2d 877, 891 n.2 (3d Cir. 1981)).

Horton cannot plausibly propose that the legal standard articulated in *Helicopteros* contradicts the one used by the Court; after all, the Court cited *Helicopteros*' statement of the standard.  *N.J. Reg'l Council of Carpenters*, 2010 WL 2674474, at *2.  Nor can Horton argue that the Court's decision conflicts with *Reliance*'s requirement of "extensive and persuasive" facts; again, the Court cited *Reliance* and explicitly found that Horton's contacts with New Jersey are indeed extensive.  *Id.* at *2–4.  Furthermore, the Third Circuit's statements in *Provident Nat'l Bank* and *Compagnie de Bauxites* do not constitute case law that conflicts with the legal standard employed by the Court, but are merely elaborations on the "continuous and systematic" standard.  *See Compagnie de Bauxites*, 651 F.2d at 889 ("[General jurisdiction] mandates not minimal, but continuous and substantial forum affiliation."); *Provident Nat'l Bank*, 819 F.2d at 437 ("The nonresident's contacts to the forum must be continuous and substantial.").

In support of its contention regarding the Court's specific jurisdiction analysis, Horton merely restates its version of the facts, which the Court rejected.  *N.J. Reg'l Council of Carpenters*, 2010 WL 2674474, at *6.  With regard to both general and specific jurisdiction, therefore, Horton simply attacks the Court's application of the relevant standards.

Because Horton's argument rests only on its belief that the Court was wrong in piercing the corporate veil and finding that Horton is subject to both general and specific jurisdiction in

7

New Jersey, there exists no substantial ground for difference of opinion.  *See Kapossy*, 942 F. Supp. at 1001.

### C. Materially Advance the Ultimate Termination of the Litigation

"A Section 1292(b) certification materially advances the litigation's ultimate termination where the interlocutory appeal will eliminate the need for trial, complex issues, or issues that make discovery more difficult and more expensive."  *In re Dwek*, 2011 WL 487582, at *4 (D.N.J. Feb. 4, 2011) (citing *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 613 (E.D. Pa. 2008)).  To determine whether certification will advance the litigation's ultimate termination, the Court must envision the future course of the litigation.  *Zygmuntowicz v. Hospitality Invs., Inc.*, 828 F. Supp. 346, 353 (E.D. Pa. 1993).  A movant need not establish with certainty that certification would expedite the case, but "should advance something more than mere conjecture that certification would substantially reduce time and expense."  *Id.*

In this case, certification would not materially advance the ultimate termination of the litigation.  While a successful appeal would remove Horton from the case, it would not end the litigation, as the plaintiffs would continue to litigate against Horton-N.J. and Tosa.  *Cf. Speir v. Robert C. Herd & Co.*, 189 F. Supp. 436, 439 (D. Md. 1960) ("[I]n the instant case there are now three defendants.  The case will proceed against the other two in any event, and the retention of [the third defendant] is not likely to prolong the trial appreciably.  It will cause some expense to [the third defendant], which would be avoided if my order were reversed on appeal.  That consideration, however, must be weighed against the policy discouraging 'piecemeal appeals', discussed in the cases cited and in other opinions under sec. 1292(b).  Under the circumstances of this case, I should not make the requested statement in the order.")  In addition, the plaintiffs have indicated that they would litigate against Horton in Texas if it were dismissed from this

8

action.  (Opp'n Br at 9.)  This may actually increase the costs to the litigants and the judicial system and further delay a resolution of this dispute.  Therefore, certification will not materially advance the ultimate termination of the litigation, and it would not be proper for the Court to certify its order for interlocutory appeal.

### III. Conclusion

For the foregoing reasons, Horton's motion to amend the Court's order to certify an interlocutory appeal is denied.

March 31, 2011

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.