**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.  ROOM 2042
NEWARK, NJ 07102
973-645-3827

Not for Publication

LETTER OPINION AND ORDER

July 14, 2011

**VIA CM/ECF**
All counsel of record

Re: New Jersey Regional Council of Carpenters, et al. v. D.R. Horton, Inc., et al.
Civil Action No. 08-1731 (KSH)(MAS)

Dear Counsel:

This matter comes before the Court by way of the parties' joint letter submissions (the "Letters"), setting forth their respective positions regarding various discovery disputes. (Docket Entry Number ("Doc. No.") 130 ("6/27/11 Letter") and Doc. No. 131 ("7/8/11 Letter").) Oral argument was heard on the record by the Court on July 12, 2011. Discovery regarding class certification and merits discovery has been bifurcated, and the parties are currently in the class certification stage of the proceedings. Depositions are scheduled to begin on Friday, July 15, 2011, and the parties seek the Court's assistance in resolving the following discovery disputes:

(1) whether, discovery should be limited to the Plaza Grande construction site at Garden State Park in Cherry Hill, New Jersey ("Cherry Hill Site") and to a single category of hourly workers, specifically carpenters;

(2) whether in response to New Jersey Regional Council of Carpenters' ("NJRCC" or "Plaintiff") written discovery and document requests, Defendants D.R. Horton, Inc. and D.R. Horton, Inc.-New Jersey (collectively "D.R. Horton" or "Defendants") may limit its responses only to its employees; and

1

>  (3) whether D.R. Horton is entitled to discovery of the names and addresses of the absent class members.

Under Federal Rule of Civil Procedure 26(b), a court may compel discovery of any matter relevant to a party's claims, defenses or the subject matter involved in the action, provided that the Court finds good cause. In determining good cause, courts in this District interpret Federal Rule of Civil Procedure 26(b) liberally, tending to "creat[e] a broad vista for discovery." *Tele-Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The party seeking discovery bears the burden of "showing that the information sought is relevant to the subject matter of the action and may lead to [the production of] admissible evidence." *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000) (citing *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 105 (D.N.J. 1990)). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Indeed, discovery may encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Kopacz v. Del. River & Bay Auth.*, 225 F.R.D. 494, 496 (D.N.J. 2004) (internal citations and quotations omitted).

While the scope of discovery may be broad, it is not boundless. When the burden of a discovery request is likely to outweigh the benefits, Federal Rule of Civil Procedure 26(b)(2)(C) vests the District Court with the authority to limit a party's pursuit of otherwise discoverable information. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Accordingly, a discovery request may be denied if this Court finds that there exists a likelihood that the resulting benefits would be outweighed by the burden or expenses imposed as a consequence of the discovery after assessing the following factors: (i) the unreasonably cumulative or duplicative

effect of the discovery; (ii) whether "the party seeking discovery has had ample opportunity to obtain the information by [other] discovery;" and (iii) "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

Having carefully reviewed and considered the parties written submissions, the oral arguments set forth by the parties on the record, and the applicable legal standard, this Court finds good cause to limit the scope of discovery as set forth below. First, regarding D.R. Horton's objections to Plaintiffs requests for discovery related to all of its locations at which workers were employed, the Court agrees that such discovery should be limited to the single category of hourly carpenter-workers. However, the Court is not persuaded by Defendants' assertion that the geographical scope of the requested discovery should be limited to the Cherry Hill Site and, instead, finds good cause to require disclosure of information concerning all D.R. Horton's sites at which NJRCC's members were employed during the class period.

Second, the Court finds that D.R. Horton is not required to obtain information or discovery that is not otherwise in its possession, custody and/or control. As such, D.R. Horton's responses to Plaintiff's discovery demands may be limited to its employees and the information in its current possession, custody and/or control. If D.R. Horton possesses the requested information concerning its employees, agents, subcontractors and other persons acting on their behalf, to the extent it is responsive and relevant, the information should be produced.

Finally, the Court finds good cause to deny D.R. Horton's request for the names and addresses of absent class members. The Court finds that at this stage of the proceedings, disclosure of the names and addresses is not necessary for purposes of class certification. Instead, the Court shall require Plaintiff to furnish Defendant with documents that detail the

3

number of NJRCC members by calendar year, carpenter classification, and geographic location during the class period.

Accordingly, based on the foregoing and for good cause shown, it is ORDERED that:

1. By **July 21, 2011**, the parties shall serve supplemental discovery responses in accordance with the instructions set forth in this Letter Opinion and Order.

2. Any additional discovery objections shall be brought to the Court's attention by way of a jointly e-filed letter by **July 25, 2011**, or will otherwise be deemed waived.

3. Per the Court's prior Scheduling Order, class discovery shall close **August 12, 2011**.

                                                   s/ Michael A. Shipp
                                                   **MICHAEL A. SHIPP**
                                                   **UNITED STATES MAGISTRATE JUDGE**